***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Amy L. Pfeiffer and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Amy L. Pfeiffer.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement dated 5 June 2001 and at the hearing as:
 STIPULATIONS
1. Plaintiff and defendant-employer are correctly named in the above caption.
2. The carrier on the risk for workers' compensation purposes is Key Benefit Services.
3. Defendant-employer regularly employs three or more employees and is bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
4. On or about 26 January 2001 and 15 February 2001, an employment relationship existed between plaintiff and defendant-employer.
5. Plaintiff's average weekly wage will be calculated pursuant to a Form 22 wage chart. Defendants submitted a Form 22 at the hearing before the deputy commissioner.
6. The dates of plaintiff's alleged injuries are 26 January 2001 and 15 February 2001. Plaintiff has been out of work since 19 February 2001.
7. Admitted into evidence in this matter were stipulated exhibits one and two, which respectively consist of plaintiff's medical records and plaintiff's recorded statement. In addition, defendants introduced and the deputy commissioner admitted into evidence the following exhibits: (1) payroll information; (2) pay stub detail for the dates 5 February through 18 February 2001; and (3) hours worked by plaintiff on 19 February 2001.
8. This matter has been bifurcated, with the present hearing to determine the compensability of plaintiff's claim. The issue to be determined as a result of this hearing is whether plaintiff sustained a compensable injury or compensable injuries by accident on 26 January 2001 and/or on 15 February 2001. Defendants contend that plaintiff's injury was the result of his willful intention to injure himself, and therefore his claim is barred by N.C. Gen. Stat. § 97-12(3).
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff became employed as a floor technician with defendant-employer in March 2000. In this capacity, plaintiff was required to strip, wax, and buff floors at different and various places throughout town. Plaintiff also cleaned buildings, such as emptying trash, sweeping, and cleaning bathrooms.
2. Plaintiff, as part of his job as a floor technician for defendant-employer, drove the company van, which was kept at defendant-employer's office. Defendant-employer kept a high-speed buffer, weighing upwards of 150 pounds, in the company van. Plaintiff took the company van to the jobsites so that he had access to a buffer. Plaintiff had to lift the buffer out of the van, take it inside, use the buffer on the floors, then load the buffer back into the van.
3. One of defendant-employer's clients was the YMCA. The YMCA has its own floor buffer, and at one time the YMCA buffer was available for use by employees of defendant-employer. However, for some time prior to the events giving rise to this claim, the YMCA buffer was not used by employees of defendant-employer; instead, employees such as plaintiff used defendant-employer's own buffer.
4. On 26 January 2001 plaintiff worked at the YMCA. As per his usual course of business, plaintiff took the company van to the YMCA that day, unloaded the buffer, and buffed the floors. When he returned the buffer to the van, he twisted to get it into the van, and while doing so he felt a sharp pain down his back and right side. Thereafter, plaintiff's back was sore.
5. Plaintiff reported to one of the owners of the company that his back was sore and that he thought he had hurt it while lifting the buffer. This owner testified at the hearing that she instructed plaintiff not to lift the buffer. Plaintiff does not recall having this conversation. However, plaintiff could not do his job without lifting the buffer in and out of the van, unless arrangements were made to use a buffer that was already onsite. The owner was not present at the time of plaintiff's injury and, therefore, plaintiff did not get injured while disobeying a then present supervisor.
6. Plaintiff continued working after the 26 January 2001 incident. On Friday 9 February 2001, the owners of the company were preparing to go out of town for vacation. They had attempted to find a ramp to put on the van to get the buffer on and off the van, but had not yet located one. One of the owners also apparently arranged with the YMCA for plaintiff to use its buffer for $10.00 so that plaintiff would not have to remove the company's buffer from the van. However, probably inadvertently, plaintiff was not told that he was to use the YMCA's buffer when cleaning the YMCA. Plaintiff was not aware that he was able to use the YMCA buffer.
7. On 15 February 2001, plaintiff cleaned the YMCA as part of his normal job routine. In order to clean the YMCA, plaintiff had to buff the floors. Therefore, on that day, plaintiff removed the buffer from the van, buffed the floors, and did his normal cleaning job. When plaintiff lifted the buffer to place it back in the van, he felt an immediate sharp pain in his back.
8. Plaintiff was not trying to injure his back when he lifted the buffer on 15 February 2001. Even if he were acting contrary to his employer's instructions, he had to do his job, his job involved buffing floors, he had no assistance in lifting the buffer, and he was unaware that other arrangements had been made. In order to do his job, he had to lift the buffer.
9. Plaintiff was only able to work three hours the following day on 16 February 2001 due to severe back pain. Plaintiff also worked three hours on 19 February 2001. Plaintiff has not worked in any capacity for any employer since that date.
10. Plaintiff first reported for medical treatment on 20 February 2001 after defendant-employer's owners returned from vacation and authorized him to seek medical attention. Plaintiff was seen at Occumed, where the physicians prescribed medication, x-rays, and an MRI, which was never done. Plaintiff was written out of work through 7 March 2001. Plaintiff has not had medical treatment since 26 February 2001 because of defendants denial of his claim and plaintiff had neither private medical insurance nor money to pay for further treatment or diagnostic tests.
11. There is insufficient evidence at this time regarding the extent and duration of plaintiff's disability after 7 March 2001, and whether any inability to work after 7 March 2001 was related to the injury that plaintiff sustained on 15 February 2001.
12. Defendants appealed unsuccessfully from a decision by the deputy commissioner which had ordered payment of benefits to plaintiff.
13. The Full Commission finds $750.00 to be a reasonable attorney's fee for plaintiff's counsel of record for having to defend this appeal to the Full Commission.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff's average weekly wage was $246.12. This yields a compensation rate of $164.09. N.C. Gen. Stat. § 97-2(5).
2. Plaintiff sustained compensable injuries by accidents arising out of and in the course of his employment on 26 January 2001 and again on 15 February 2001. N.C. Gen. Stat. § 97-2(6).
3. In order to rely on the defense of willful intention to injure oneself such that the plaintiff's claim is barred, defendants have the burden of proving that the claimant did in fact willfully intend to hurt or injure himself. Defendants have not met their burden of proving that plaintiff actually and willfully intended to injure himself when he lifted the buffer, as he had to lift the buffer as part of his job requirements. N.C. Gen. Stat. § 97-12(3).
4. Plaintiff is not barred from receiving workers' compensation benefits for disobeying a direct or specific order; plaintiff was not disobeying an immediate order from a then present supervisor, and lifting the buffer was part of what plaintiff was hired to do. Harris v.Thompson Contractors, Inc., 558 S.E.2d 894, ___ N.C. App. ___, (Feb. 5, 2002). N.C. Gen. Stat. § 97-12(3).
5. Plaintiff suffered no disability as a result of his 26 January 2001 injury by accident as defined in the Act. N.C. Gen. Stat. § 97-2(9).
6. As a result of his compensable 15 February 2001 injury by accident, plaintiff was temporarily totally disabled within the meaning of the Act from 20 February 2001 through 7 March 2001. N.C. Gen. Stat. § 97-29.
7. No finding or conclusion is made herein as to additional period(s) of temporary total, temporary partial, or permanent partial disability. A further proceeding is necessary in order to ascertain additional periods of disability, if any.
8. Plaintiff is entitled to have defendants provide medical treatment that is reasonably necessary to effect a cure, give relief, or lessen the period of his disability. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
9. Plaintiff is entitled to have defendants pay plaintiff's attorney $750.00 for having to defend this appeal to the Full Commission. N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER AND AWARD
1. Subject to the attorney's fee approved below, defendants shall pay plaintiff temporary total disability benefits at the weekly rate of $164.09 for the period of time from 20 February 2001 through 7 March 2001. This compensation has accrued and shall be paid in a lump sum.
2. Defendants shall provide plaintiff with ongoing medical treatment that is reasonably necessary to effect a cure, give relief, or lessen the period of his disability.
3. Plaintiff's counsel is entitled to 25% of the award in paragraph 1 of this Award. The amount due plaintiff's counsel shall be deducted from the lump sum awarded to plaintiff and paid directly to plaintiff's counsel.
4. IT IS FURTHER HEREBY ORDERED that this case shall be placed on the next available Greensboro hearing docket so that evidence can be generated regarding the extent of plaintiff's disability, if any, and the amount of additional benefits, if any, to which plaintiff may be entitled.
5. Defendants shall bear the costs of this proceeding including $750.00 to be paid to plaintiff's attorney for defending this appeal before the Full Commission.
This 28th day of February 2002.
 S/_____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________________________ DIANNE C. SELLERS COMMISSIONER